# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
# IN ADMIRALTY

Case No. 7:21-cv-00127-M

LEO WILSON,

                Plaintiff,

vs.

INDEPENDENT CONTAINER LINE, LTD., ICL HOLDING MBH, VERWALTUNGSGESELLSCHAFT ICL HOLDING MBH, NORDDEUTSHEE REEDEREI H. SHULDT GMBH & CO, and ELFTE BETEILIGUNGS TIM SHIPPING MBH &CO. KG,

                Defendants.

## DEFENDANT INDEPENDENT CONTAINER LINE, LTD.'S
## AMENDED ANSWER

**NOW COMES** Defendant Independent Container Line, Ltd. ("Answering Defendant") by and through undersigned counsel and hereby provides the following amended responses to Plaintiff's Complaint as follows:

### FIRST DEFENSE
### (Answer)

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint are admitted upon information and belief.

2. The allegations contained in Paragraph 2 are legal conclusions to which no response is required; to the extent a response is required, the allegations contained in Paragraph 2 are admitted.

1

3. Answering Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore, denies the same.

4. It is admitted that Answering Defendant is a corporation with an office in Wilmington, NC and registered agent of Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh NC, 27608; except as specifically admitted, the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5. Answering Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore, denies the same.

6. The allegations contained in Paragraph 6 are admitted upon information and belief.

7. Upon information and belief, it is admitted that Mr. Wilson was at the Port of Wilmington on the date of the incident; except as specifically admitted, Answering Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 7, and therefore, denies the same.

8. Answering Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore, denies the same.

9. It is admitted that Plaintiff encountered the Vessel. Answering Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10. Answering Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11. Answering Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

# FIRST CAUSE OF ACTION
# MARITIME NEGLIGENCE

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint (including sub-parts a-d) are denied.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

## SECOND DEFENSE
## (Lack of Duty)

Answering Defendant had no control over the Vessel's operation and owed no duties to Plaintiff for any of the matters alleged in Plaintiff's Complaint. Even if a duty did exist (which Answering Defendant specifically deny), Answering Defendant acted reasonably and in conformance with all applicable standards of care at all times and did not breach any such duty.

## THIRD DEFENSE
## (Comparative Negligence)

The incident and alleged injuries of Plaintiff, if any, made the basis of this suit, were caused in whole or in part by Plaintiff's own negligence and by his failure to exercise that degree of care for their own safety that a reasonably prudent person, in the exercise of ordinary care, would have exercised under the same or similar circumstances. Plaintiff's negligence was the proximate cause and contributed to the injuries or damages, if any, which Plaintiff may have sustained. Upon information and belief, Plaintiff was careless, negligent, and grossly negligent by failing to exercise such care and caution as was reasonably required, including, without limitation: (1) failing to heed warnings, instructions, training, and common sense, (2) in other ways as may be discovered and/or proven at trial, including all requirements under applicable law. Such negligence of Plaintiff is pled as a bar to, or a reduction of, any recovery by Plaintiff against Answering Defendant.

## FOURTH DEFENSE
### (Assumption of Risk)

Plaintiff knowingly and voluntarily assumed the risks, including serious bodily injury, related to handling the lines of the Vessel. Such assumption of risk is pled as a bar to, or a reduction of, any recovery by Plaintiff against Answering Defendant.

## FIFTH DEFENSE
### (Open and Obvious Condition)

Plaintiff knowingly, intentionally, competently, and without undue influence of duress, assumed the known, inherent, open, and obvious perils and risks of the activities participated in by him, and the same is pled as a bar to, or a reduction of, any recovery by Plaintiff against Answering Defendant. Further, the risks alleged in Plaintiff's Complaint are open and obvious risks and/or risks that are matters of common knowledge.

## SIXTH DEFENSE
### (Answering Defendant Was Not Negligent)

Answering Defendant was not negligent in any manner with respect to the incident forming the basis of Plaintiff's Complaint; acted reasonably under the circumstances of Plaintiff's careless and negligent acts; and none of the alleged actions or inactions by Answering Defendant in Plaintiff's Complaint proximately caused Plaintiff's injuries. Accordingly, Answering Defendant is not liable to Plaintiff.

## SEVENTH DEFENSE
### (General Maritime Law)

To the extent that the General Maritime Law of the United States may apply to certain claims alleged against Answering Defendant, it is herein invoked and pled as a bar or limitation to recovery of any of the damages sought by Plaintiff which are inconsistent therewith, or as preemption of standards relating to, *inter alia,* expertise and duties of care.

## EIGHTH DEFENSE
### (Lack of Causation)

In the event Answering Defendant was negligent (which is denied), any such negligence was not the cause of any alleged damages to Plaintiff.

## NINTH DEFENSE
### (Failure to Mitigate)

Upon information and belief, Plaintiff had every reasonable opportunity to, but failed to mitigate his alleged damages, and, therefore, any recovery should be reduced to reflect such wrongful failure to mitigate damages.

## TENTH DEFENSE
### (Failure to Mitigate Medical Expenses)

To the extent Plaintiff had access to health insurance that would have covered all or part of the Plaintiff's claimed medical expenses and failed and/or refused to submit claims for post-Incident medical expenses to said health insurance company, same is pled as a bar or offset to Plaintiff's claims. If Plaintiff had submitted the claimed post-Incident medical expenses to the health insurance company, Plaintiff could have, upon information and belief, obtained contractual rates for medical services with contractual write-offs, discounts, and/or adjustments that would have substantially reduced the amount necessary to satisfy the claimed medical expenses. To the extent the Plaintiff is seeking an amount of damages in excess of the contractual rate Plaintiff could have obtained by submitting a claim to the health insurance company, Plaintiff has failed to mitigate the damages potentially recoverable in this matter.

## ELEVENTH DEFENSE
### (Negligence of Others)

The incident and alleged injuries of Plaintiff, if any, made the basis of this suit, were caused in whole or in part by reason of fault, neglect, or negligence on the part of others named or unnamed in this action (which include but are not limited to the intervening and supervening negligent acts of such parties and/or acts of God), and/or

under such circumstances and conditions so as to bar or reduce any recovery for those injuries and damages, if any, from Answering Defendant.

## TWELFTH DEFENSE
### (Intervening/Superseding/Insulating Acts)

If the conduct of Answering Defendant was negligent (which is denied), then such conduct was passive and insulated by the active, intervening and superseding acts and/or omissions of Plaintiff, his longshore gang supervisor, and/or others. The active, intervening, superseding, and insulating acts and/or omissions of Plaintiff and/or others breaks the chain of proximate causation with respect to any act or omission by Answering Defendant.

## THIRTEENTH DEFENSE
### (Limitation of Liability as to Answering Defendant)

Answering Defendant is entitled to all rights and protections available to it under the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*. Answering Defendant was time charterer at the time of the alleged accident, and while not in control of the operation of the Vessel at the time of the alleged accident, is entitled to the protection of the Act as an owner *pro hac vice*. At all times relevant, Answering Defendant did not have operational control of the Vessel, and therefore, lacked privity of knowledge regarding the Vessel's activities, including but not limited to, the Incident.

## FOURTEENTH DEFENSE
### (Last Clear Chance)

Plaintiff had the last clear chance to avoid the damages alleged in the Complaint.

## FIFTEENTH DEFENSE
### (Incorporation of All Defenses)

Answering Defendant hereby incorporates by reference, as if fully set forth herein, all defenses, both affirmative and otherwise, raised, pleaded, or asserted by all other Defendants in this matter.

6

Case 7:21-cv-00127-M   Document 13   Filed 07/22/21   Page 6 of 9

## SIXTEENTH DEFENSE
### (Right to Set Off)

In the event of an adverse verdict against Answering Defendant, although Answering Defendant denies and contests the same, Answering Defendant is entitled to an offset for any and all moneys received by Plaintiff for any settlement or resolution with other parties or persons.

## SEVENTEENTH DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations.

## EIGHTEENTH DEFENSE
### (Preemption)

To the extent that maritime and/or federal law preempt any portion of Plaintiff's complaint, the same is pled as a bar to those causes of action.

## NINETEENTH DEFENSE
### (12(b)(2), (4) and (5) - Lack of personal jurisdiction, insufficiency of process, insufficiency of service of process)

Plaintiff's Complaint is subject to dismissal on the basis of lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process pursuant to Rule 12(b)(2), (4), and (5). Answering Defendant is a corporation with a registered agent of Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh NC, 27608. Plaintiff's Complaint was sent by Federal Express to Answering Defendant's corporate office in Glen Allen, Virginia. Answering Defendant reserves the right to move for dismissal, as appropriate.

## TWENTYTH DEFENSE
### (Reservation of Defenses, Rights, and Claims)

Answering Defendant hereby reserves all other rights, defenses, and claims not herein asserted, whether as against parties in this action or otherwise, as they obtain additional information in discovery, and in order to conform to the facts and

evidence of the case. Further, in the event Answering Defendant is in any way responsible to Plaintiff (which is denied), Answering Defendant reserves the right to seek contribution and/or indemnity from others for any negligent or intentional misconduct by them for which they were the proximate cause in damaging the parties in this action.

**WHEREFORE,** having fully answered the Complaint of the Plaintiff, Answering Defendant respectfully pray the Court for the following:

1. That Plaintiff have and recover nothing;
2. That Plaintiff's claims be dismissed with prejudice;
3. That Answering Defendant's costs be taxed against Plaintiff;
4. That Plaintiff pay Answering Defendant's attorney's fees as provided by law;
5. That pre-judgment and post-judgment interest be awarded to Answering Defendant;
6. For such other and further relief that the Court deems just and proper; and
7. A trial by jury on all issues herein.

**RESPECTFULLY SUBMITTED,** this the 22nd day of July, 2021.

<u>/s/ Geoffrey A. Losee</u>
Geoffrey A. Losee
N.C. State Bar No. 21185
glosee@rountreelosee.com
Pardis Camarda
N.C. State Bar No. 53006
pcamarda@rountreelosee.com
ROUNTREE LOSEE LLP
2419 Market Street
Post Office Box 1409
Wilmington, NC 28402-1409
(910) 763-3404
Fax (910) 763-0080

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing Amended Answer of Defendant Independent Container Line, Ltd., was filed electronically with the Court with notice of case activity to be generated and sent electronically by the Clerk of Court to the following:

Andrew Hanley
Crossley McIntosh Collier Hanley & Edes PLLC
5002 Randall Parkway
Wilmington, NC 28403
*Attorneys for Plaintiff*

Don T. Evans, Jr.
Seth P. Buskirk
Clark, Newton & Evans, P.A.
509 Princess Street
Wilmington, NC 28401
*Attorneys for Defendants NORDDEUTSCHE*
*REEDEREI H. SCHULDT GMBH & CO & ELFTE*
*BETEILIGUNGS TIM SHIPPING MBH & CO. KG*

This the 22nd day of July, 2021.

                                            /s/ Geoffrey A. Losee
                                            Geoffrey A. Losee